United States v. Rodriguez Good morning, Ms. Taylor. Will you begin with us this morning? Good morning, and may it please the Court. Michelle Taylor for the United States. The only authority to go below the statutory minimum sentence here came from 3553E. There's no authority to vary below a statutory minimum sentence under 3553A. That's well established. So without the 3553E motion, there would be no authority whatsoever to go below the statutory minimum. So the question then is, what authority does the Court have when it grants a 3553E motion? And this Court already answered that question in Mangaroo. It held that the extent of such a downward departure should be based solely on a defendant's assistance to law enforcement officers. Reliance on assistance… Let's talk about the text of E and F, particularly. The precedents, I think, are informative, but why don't you tell us about the text? Sure. The plain language of 3553E, the provision says, Upon motion of the government, the Court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance. And that's a really important phrase. And that's very different, as Chief Judge Pryor might be suggesting, than the provision in 3553F. There is a contrast in language. 3553F actually says that the Court could sentence without regard to any statutory minimum sentence, which is very broad language. And there's a difference. That difference matters. And this Court actually looked at that question of statutory interpretation in the Williams case in the context of evaluating a defendant's eligibility for a Section 3582C2 reduction. We held that in the E context that the mandatory minimum remains in place. That's exactly right. In contrast with the F context. That's exactly right. This issue of statutory interpretation has already been resolved, and Williams continues to bind on that issue of statutory interpretation as well. You can see the differences not only in the body, but also in the title. The title of 3553E, Limited Authority to Impose a Sentence Below a Statutory Minimum, versus the title in 3553F, Limitation on Applicability of the Statutory Minimum. So in F, you actually say it might not apply at all if these conditions are met. But in 3553E, the statutory minimum is retained as a reference point for a specifically circumscribed reduction. So once that reduction is granted, you have then a new 3553E floor. And that floor, you can't go below based on the 3553A factors. Now the defendants are incorrect in saying that that means that their 3553A factors are superfluous or irrelevant. Just like in any normal statutory minimum or statutory maximum case, the court can consider those factors within the bounds set by Congress. So here's the statutory minimum penalty. Here's your 3553E floor. And the 3553A factors are relevant everywhere above that floor. But you can't go further down as the court did here. So once the court granted the 3553E reduction and established that new 3553E floor, 97 months for Perez, 78 months for Rodriguez, the court lacked authority to grant the further variance. Well, and this is where I'm struggling, because then of course we've got Booker, and we've got the majority opinion in Henry. And so when you use words like can't, not allowed, don't those two cases actually undermine your position that the court actually, as long as it's reasonable, as long as it consults the guidelines, it actually can, it may? So under Booker, Booker recognized that statutory minimum penalties are still constitutional. So Booker rendered the guidelines advisory, but it did not render statutory minimum or statutory maximum penalties advisory. So the court still has authority to consider those factors within the limits set by Congress. Is that what Henry, the majority in Henry says, supports that position too? So Henry is the case where it talks about first you consider the guidelines range, then you consider the departures, and then you consider the 3553A factors. I think that that line of analysis is correct, but when you exercise your consideration of the 3553A factors, you must do it. That's in the context of guideline sentencing. Right. Like within, when we're talking about the statutory limits, here we have the 3553E floor and the statutory maximum. That's where you can use those factors. But just like in casting Sosa, this court said that those 30, it was a post-Booker decision, and the question was could the court, after Booker, rely on the 3553A factors to go below the statutory minimum, and this court said no, you have to exercise your 3553A discretion within those bounds set by Congress. It appears to me that every circuit that has addressed this issue has held in favor of your argument, every numbered circuit. Every numbered circuit, that's right, Your Honor. I couldn't find where the D.C. Circuit had addressed it. Am I right about that? I don't know what the D.C. Circuit has said about that. I have every numbered circuit. We have authority, and three of those circuits, Weinberger. Even the D.C. Circuit occasionally gets to do real work in a criminal case, but not on this issue, apparently. And three of those circuits, Weinberger, the Third Circuit, Spinks, the Fourth Circuit, Johnson, the Seventh Circuit, when they joined this consensus, they viewed themselves as joining the Eleventh Circuit and Mangaroo. The defendants read Section 3553E as if, once the United States filed this motion, the court has the same authority as it would have under 3553F. In other words, poof, the statutory minimum has gone away, and the court is free to sentence based on 3553A factors, just as if it had never existed. So if we agree with you that the district court erred, that doesn't necessarily mean that the sentence will be any lower, correct? If we send it back to the district court, the district court would again consider how substantial the defendant's assistance was in deciding whether and how much to depart, right? Well, I think the district court here has already decided that the two-level reduction was appropriate. It already gave us the floor. It said that this two-level reduction brings us down to 97 months for Perez at the bottom of that range, 78 months for Rivera. There's no reason to revisit that. That's already held that. It just thought that it also had the authority to go down lower. So this court should vacate those illegal sentences and remand for the district court to impose a sentence that's no lower than the 3553E floor. I think based on the court's, what it's already said about the 3553 factors, we know it. But it can sentence so as to reflect the defendant's substantial assistance. Yes. That can be below the statutory minimum. That's right. Here, it went down. So we have, let's say you're right and we vacate the sentences. We have to remand for the district court to exercise that discretion, correct? Well, the district court already has exercised its discretion to grant the department. It hasn't really because it has done something else. It has entered a sentence based on 3553A factors, which is what you have challenged, right? It actually did it in two steps, which makes this court's analysis really easy. It didn't just mix up the 3553A factors with 3553E. It first granted the 3553E reduction. The original range for Perez was 121 to 151. And it went down under 3553E below the statutory minimum to 97 to 121. It granted that departure. And then it varied further to 66. So we're stopped at 97. That's as far as it can go. It's already granted that and it's stuck here. It can't now vary further below 97 to 66. So then when do those factors, if at all, for 3553A fit in? You're saying they're not relevant, not eligible for consideration at all, or they're supposed to happen up here and not down here? That's right. Just like in any normal statutory minimum case, once we have the downward departure for 3553E, so here down to 97 months for Perez, those factors are relevant everywhere above that. So 97 months all the way up as far as the court wants to go. But the court can't go below that 3553E floor. Otherwise it would be exceeding its authority under 3553E. For instance, 3553E says so as to reflect a defendant's substantial assistance. If the court went further, so as to reflect the defendant's history and characteristics, that would be beyond that limited grant of authority in 3553E. So these factors aren't superfluous, but they have to be exercised within the limits established by Congress. So this should be an easy decision. This should be based on controlling precedent and the plain language of the statute. And because the court did give us that two-level analysis, first granting its downward departure for substantial assistance and then varying down even further, it's clear that that second part was unauthorized. And so this court should just remand for the court to stop at the statutory, the new 3553A floor that it arrived at after granting the 3553E reduction. Okay. Thank you, Ms. Taylor. We're going to hear first from Ms. Hernandez. Good morning. H. Manuel Hernandez on behalf of Karen Perez. I'd like to start by, and this is cited in the government's brief at page 13, my brief at page 13, and then Mr. Rivera's brief at page 16. We all quote 3553E, and I think it's important to start there, consider it, and end there. And with the court's permission, I just want to read that statute here. E, limited authority to impose a sentence below the statutory minimum. Upon motion of the government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guideline and policy statements issued by the Sentencing Commission pursuant to section so-and-so and so-and-so. Listening to the counsel's argument this morning, equating this secondary minimum mandatory, this new 3553 floor, I respect— Mr. Hernandez, there's a distinction, is there not, between that language that you just read and the next provision of the same statute, subsection F? There's no question, Judge, and nobody's arguing . . . And it's a pretty important distinction, isn't it? I mean, so subsection F says it allows the district court to sentence without regard to any statutory minimum sentence. But nothing, Your Honor, I don't disagree with you, Judge. But my position and our position is that there is nothing in 3553E that creates this new floor based on what the government decides to file as a . . . It's not a new floor. It's a floor that Congress itself has imposed. And it has provided limited authority to go below that floor so as to reflect a defendant's substantial assistance. That's the text you just read, right? Well . . . Limited authority so as to reflect a defendant's substantial assistance, right? Yes, but nowhere in the statute, when we're talking about this new 3553E floor based on what the judge grants . . . It's not a new floor. It's the same floor. You can go below that floor, but you can only do it . . . It's a limited authority. Yes, Your Honor. The floor is the 10-year amendment. That's what the floor is. Once the government files a 3553E, that floor goes away. No, that's not . . . That's what happens under F where it says, without regard to any statutory minimum sentence. That's where it goes away. And they use language like that. That suggests to me it went away. They didn't use that language in E, Mr. Hernandez. Agreed, Your Honor, and I apologize for using that language. The floor basically, then, it's reconsidered, but nowhere in the statute does it say that it goes to basically whatever the government files. You calculate the . . . What it says is that then the district court's limited authority to sentence below that statutory minimum is granted so as to reflect the defendant's substantial assistance.  But not for anything else, only to reflect the defendant's substantial assistance. And the district court here was very clear that after having done that, he was going to go further based on 3553A factors. Isn't that right? Well, but the last sentence of 3553A says specifically that such sentence shall be imposed in accordance with the guidelines and the policies. One of those guidelines and policies is 1.1B1. Henry, you specifically . . . It lays out, and you have all the Supreme Court cases and hundreds of this Court's cases, explaining what a district judge is supposed to do in imposing sentence. They're supposed to calculate the . . .  Every numbered circuit to address this issue has ruled contrary to your position. I don't believe they have. And I would respectfully ask the Court not to accept that argument. Most of the . . . Well, I've read all the cases. What am I misreading? They're talking about the basic . . . Most of what the government is creating, again, a secondary minimum mandatory created out of thin air based on their argument of what they file. There is nothing. There's nothing in the statute. And specifically, that last sentence says you go to the policy. So a judge . . . Are you questioning that other circuits have ruled in favor of the government, or are you saying that the other circuits are wrong? I'm not questioning that they've ruled in favor of government. So you're just saying they're wrong? No, I'm saying in ruling in favor of the government, they've never addressed this specific issue in terms of what the judge did here. A sentencing judge is required to look at 3553A at some point. If we disagree with your position, if we agree with the government and we send it back to the district court, what are we telling the district court to do? You've heard the government say the district court did two things. Number one, it's already reflected the substantial assistance and lowered it, and then it went further. So the government has asked us just to take away part two. Are we sending it back to the district court to just do . . . to keep what it's already done on substantial assistance and get rid of the rest, or is the district court resentencing? What I understand the court will be doing is sending it back and telling the judge, ignore 3553A, ignore all the other factors, ignore the Supreme Court's decisions for the last twenty years on sentencing guidelines, and impose a sentence within that year and a half, 3553A, secondary minimum mandatory that the government has created out of thin air. That is the defense's position. What do we do with the language of our own decisions like Mangaroo and Aponte, where we instructed in our mandate the district court to consider only substantial assistance factors in determining the extent of the departure from the statutory minimum? That instruction in a mandate is clearly holding. Yes, Your Honor. 3553E is one part. The government itself in its motion referred to the section 3553 apostrophe S, plural, statutory scheme. Part of that statutory scheme is 3553A. My question to the court is, what do you do with 3553A? Once the government files a 3553E motion, 3553A just goes out the window. We forget about the defendant. We forget about his dying of cancer. He's got twenty-six kids. None of that matters anymore. We're just going to focus on . . . Would it matter if there hadn't been a substantial assistance motion and there were a statutory minimum? You couldn't go below the mandatory minimum, right? That's right. You don't create . . . I understand your argument, Mr. Hernandez. You don't create . . . I've got you. You've gone over an hour. I apologize. I think Mr. Scheller is going to be taking up the mantle for you, so let's hear from him. My question does follow from your counsel, is what does happen then to 3553A? Because it seems to me that the district court concluded that even with substantial assistance, the range over-penalized the defendants given their role in this conspiracy scheme. Then where does the district court have discretion to abide by the policy behind the guidelines, which is to make sure that the sentence really matches the crime? Thank you, Your Honor. It's a matter of statutory construction, which is at the core of Mr. Rodriguez's argument. If you look at United States v. Corley, and I'm answering your question, but I have to start off with Corley because Corley talks about a basic canon of statutory interpretation, that you have to read the provisions of a statute in harmony so that the provisions are all harmonious, in other words. And you cannot read a provision, a statutory provision, that makes another provision inoperative or irrelevant. And so in this case, what the government argues is, yes, you take into account the 3553 factors, but only between the minimum sentence and the statutory maximum. Or alternatively, you take into account the 3553 factors in judging whether the court should go reduce the amount of the departure for substantial assistance. So the government's version, which is entirely consistent with 3553A, is that a court can use the factors under 3553A to go up, but they can't go down. And really, the overreaching... That's because the Congress of the United States... Well, let me go... Opposed the statutory mandatory minimum, right? Of course, and... And then Congress has passed a statute, 3553E, that provides limited authority, that's its language, to go below that. The text of limited authority is instructive, it's not determinative. Yeah, right. And then the text is so as to reflect the defendant's substantial assistance. And I agree with you. We ought to read, as a matter of statutory interpretation, we've got to read these things in context, and we've got to read them harmoniously. And then you read F, and there's a real contrast between E and F. F says, without regard to the statutory minimum. It goes away in the F context, not in the E context. And we've been very clear about that. May I respond, sir? Yes, please. Thank you. There's provision... Let me address your question by looking at a comparison between E and F, and I think that road's been traveled, but I want to point out something that hasn't been brought up today. If you look at F, and remember, this 3553 was passed at the time of an act that created the mandatory guidelines. The 3553 F talks about, essentially, the mandatory minimum... Excuse me. The second clause says, the court shall impose a sentence pursuant to the guidelines promulgated by the United States Sentencing Commission. So what's important is, if you look at the difference between E and F, that creates the departure point. You left out the rest of the language. Without regard to. Yes, yes. I agree. That kind of language is not in E. It is not, but. And I wasn't evading that. I was going to address that. It's important to me, though. I know it's important to you, and that's why I was going to address it. So think of the radical difference in this case between E and F. Let's just say, assuming for the sake of argument, that F applied. So the minimum mandatory would have gone away, and Mr. Rivera was at a level 30, which was 97 to 121. Because the mandatory minimum applied was essentially 120 to 121. If he had qualified for safety valve under F, he would have had two levels off. He would have disregarded the minimum mandatory, so the departure point would have been 78 to 97 months. If he didn't have a criminal history, he also would have had four levels off for the first offender act. So he would have been at a level 24, which was 57 to 63 months. That would have been the operative departure point, and then the 5K would have came off of that departure point. Now, instead, he was at 120 to 121 months, which is the departure point. In Williams, the panel correctly decided Williams. It was a question of whether an amendment under 706 applied. And under the guidelines in the minimum mandatory, level 30, excuse me, in Williams, that 120 months was the guidelines, and it wouldn't affect any amendment 706. This is a radically different situation. And so the question is, if you read them in harmony, we agree and we concede that a departure can only 3553E departure itself can only be limited to substantial assistance. The question is then, what does a court, does that vitiate, and it does vitiate 3553A, which says that a court must impose a sentence that is sufficient but not greater than necessary to conform with the statutory factors. We're talking about variances, which this court did under Henry, which is the correct process. Do you recognize that you don't have that same authority when there's a statutory mandatory minimum? I do not, and the reason I do not, Your Honor, is because if we read it that way, if I recognize and make such a recognition, then I've completely made 3553 . . . May I finish? Let's assume for a moment that we don't have a substantial assistance motion. A statutory mandatory minimum would trump what a district court would ordinarily be able to do under the guidelines and under Section 3553A, right? Minimum mandatory would trump, yes. Yep. So, I'm having a hard time understanding then why you would disagree with what I said just a moment ago. If your argument is 3553A has to come into play, well, it only has to come into play insofar as you don't have a statutory mandatory minimum, but you do have one here. Well, I still disagree because taking that approach, you're going to impose a sentence. You're putting a court . . . If he's limited only to substantial assistance, you're putting the court in a position of imposing a sentence that could be greater than necessary. That's true. You could make that argument in every case where there's a statutory mandatory minimum. Your Honor, I have to address one thing. I'm sorry. I only have eleven seconds. I'm going to honor the red light and your gavel today. Judge, you asked what should happen if we remand this. The government says the court just has to impose the same departure under 5K. Assumes that that prior sentencing . . . We're static in time. The 5K result in Mr. Rodriguez's case involved his cooperation against other people. Time has passed. Things have changed. There could be other investigations that resulted from his cooperation. There could be other people prosecuted. You can't just remand it just to impose a sentence from six or seven months ago. It may well be that the district court . . . If we agree with the government though, nevertheless, the district court would only be able to depart so as to reflect the defendant's substantial assistance. Right. I was trying to answer . . . Your argument is that it might be that the value of that assistance may be greater now than it was at the time of the original sentencing. Exactly. You can't just remand to impose a different sentence. That's not a concession that it should be remanded. I understand. That's your fallback position. Well, that is my fallback and to answer the Honorable Judge's question. Really, what my argument in the end is that . . . I get it. I guess I just have to ask. I know we've run out of time. But Booker and Henry, what is your response to the role that the Supreme Court's decision and the majority in Henry have set about the guidelines being advisory? How does that impact the district court? I'm sorry, Judge. No, go ahead. I would go beyond Booker and look at also Pepper and Kimbrough. What Pepper says is that the 3553A, the clause that says that the court must impose a sentence that's sufficient but not greater, is the overreaching paramount sentencing consideration. So when we remove that with an interpretation of 3553A, when we remove that, we've done a statutory construction that has made the most important aspect of 3553 irrelevant. That was my first question when you got it. I think you just answered it. So thank you. Well, I didn't obey the red light, so I apologize. You're answering questions. Thank you, Mr. Scheller. We have your case. Ms. Taylor, you've saved five minutes. I'd just like to address a couple things. My friend called it a government-created second mandatory minimum, and I just wanted to clarify that it's Congress that sets the mandatory minimum and it's the court that establishes the new . . . I think what he was saying is that after there's been a departure to reflect substantial assistance, that your argument is creating a different than mandatory minimum, different from the one Congress has created. My disagreement with him is I think there's only one mandatory minimum. To be fair to the defendant, I think that was his argument. I think that's exactly right. It's interesting. The Ninth Circuit actually calls the 3553E floor a new revised mandatory minimum, but I don't think that's right because if you look at the language, the plain language of 3553E, it retains the statutory minimum and grants limited authority to go below. So I think it's more accurate to call this the 3553E floor. And that floor is established by the court, not the prosecutor. Like here, the United States recommended a two-level reduction and the court granted a two-level reduction, but it could have granted a larger reduction or a smaller reduction. It wasn't bound by the prosecutor's recommendation of two levels. So you're saying that it could have reached the same sentence if it had just increased the amount that you all were requesting. So I don't think it could here because the court said by looking only at substantial assistance, it's worth two levels. And that's all it should have been looking at and that's how it got down to the 3553E floor. But it has some discretion. That's right. It doesn't have to go along with the government's value of what the substantial assistance is. That, I think, is Judge Abboudi's point, right? That's right, but that . . . Which means that the court didn't necessarily . . . If we agree with you, then 3553A wasn't the only route to get to the sentence the district court arrived at. It could have used a substantial assistance to get there as well. I just want to make sure I understand that. Well, I think in a case like this, it couldn't. There's actually another case . . . I mean, in a real sense, the district court itself recognized that it couldn't do that because that's why it relied on 3553A. And there was an interesting discussion in the Williams case in the Sixth Circuit where one of the parties said, well, can't you just go farther . . . If you only have this authority under 3553E, but you want to go further under 3553A, the other factors, can't you just grant a bigger . . . It has to be, though, tied to the substantial assistance. Right. And the district court in that case, the quote was, we try not to cheat that way. You go down based on 3553, but based on substantial assistance, here we already know where the court . . . It's conceivable. I don't want to get into whether that's true here with these two defendants, but because whatever opinion we write is an opinion that will be precedential for a lot of defendants. It is true, isn't it, that in vacating and remanding for resentencing . . . And we could instruct the district court can only sentence below the statutory mandatory minimum so as to reflect the defendant's substantial assistance. But it might be that in the interim, during the appeal, that the defendant's assistance could be viewed, even by the government, as more valuable than it was earlier. So a case could actually be made when the district court enters a correct sentence that that substantial assistance actually warrants more of a reduction. That's at least theoretically possible, isn't it? I would think that the law of the case might come in here and that the substantial assistance reduction wasn't challenged. Yeah, but the law of the case would be tied to whatever the facts were at the time, right? Yeah, well, our main point here is that the reduction has to be based on substantial assistance, not based on . . . Right, but as just a theoretical matter going forward, as a matter of precedent, that's possible, isn't it? I think it's possible, yeah. In response to Judge Abudu's concern about the range here over-penalizing, we do see that in a lot of statutory minimum cases where a court might say, if I had the discretion, I would not impose a 10-year sentence here. But that's Congress's choice to create these limits, and we can debate whether that's a good choice or a bad choice, but . . . No, but there are a lot of scholars who think that the mandatory minimums are really bad choices, but Congress gets to decide that. When my friend mentioned the concern about a defendant who's dying of cancer, Congress did provide a remedy for that, too, in the Compassionate Release Statute. The remedy is not to ignore these statutory minimum penalties. Okay. I think we understand your case, Ms. Taylor. Thank you very much. Mr. Hernandez, you were court appointed. Thank you for accepting that appointment and for discharging your duty very ably this morning. Thank you, too. We always appreciate retained counsel as well. Thank you.